## J. R. Kepple et al., Appellants, v. Philip Stoddard, Appellee.

### Gen. No. 5,992.   (Not to be reported in full.)

Appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

### Statement of the Case.

Action by Philip Stoddard against J. R. Kepple and others, for the balance due on the purchase price of a horse sold the defendants. There was a judgment in favor of the plaintiff, and the defendants appeal.

The evidence tended to show that the horse was to be delivered to the purchasers in a day of two after the sale; that the seller delivered the animal to the father of the purchasers under an agreement between the parties whereby the horse was to be pastured by the father where the purchasers could get the animal when they wanted it. While in such pasture the horse was injured by coming in contact with a wire. The only question at the trial was whether there had been a delivery to the purchasers.

An objection was sustained to questions asked the defendants about the ownership of land, and their condition as to pasturage at the time of the transaction.

DAUGHERTY & MARSH for appellants.

WILLIAMS, LAWRENCE, WELSH & GREEN, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 128*—*when delivery to third person sufficient.* Where the seller of a horse agreed with the purchaser that it should be pastured by the latter's father until the former was ready to take the animal, delivery to the purchaser was complete by delivery to his father, and the title thereby passed.

2. SALES, § 128*—*when delivery of chattel to purchaser question for jury.* Whether a delivery of the horse by the seller to the purchaser's father was in fact made is a question for the jury.

3. SALES, § 326*—*when objection properly sustained to questions.* In an action for the price of a horse which the seller claimed to have delivered to the purchaser by turning it over to the latter's father for pasturing, an objection was properly sustained to a question asked the purchaser as to his ownership of land and as to his having pasturage.

4. WITNESSES, § 223*—*when credibility of witnesses for jury.* The credibility of witnesses as well as the weight to be given their testimony are questions for the jury.